UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLEL SHAND,<br><br>Plaintiff,<br><br>v.<br><br>WELLPATH MANAGEMENT, INC., *et al.*,<br><br>Defendants. | Case No.: 3:24-cv-00704-W-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 6]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation Conference ("ENE") and Rule 26 Initial Disclosure Date. ECF No. 6.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 5 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties ask that the ENE be continued due to the unavailability of Defendants' client representative with full settlement authority, Shannon Boyne. ECF No. 6 at 2. Ms. Boyne will be serving jury duty beginning May 28, 2024 and continuing for at least one week, and the ENE is scheduled for May 31. *Id.* The only other representative with full settlement authority for Defendants will be out of the office on the date of the ENE. *Id.* Additionally, Plaintiff's counsel did not receive electronic notice of the Court's order setting the ENE due to issues with his admission to the United States District Court for the Southern District of California bar, and therefore needs additional time to prepare before discussing settlement.[1] *Id.* at 3. Plaintiff's counsel also needs additional time to comply with the May 24 deadline to complete Rule 26 initial disclosures. *Id.*

Upon due consideration, the Court finds good cause to **GRANT** the Joint Motion to Continue the ENE due to the unavailability of a defense representative with full settlement authority at the scheduled time. The Court will also continue the Case Management Conference ("CMC") and related deadlines (including the initial disclosure deadline) accordingly.

Based on the parties' availability outline in the Joint Motion, the ENE and CMC are hereby **CONTINUED** to <u>**June 17, 2024**</u> at <u>**2:00 p.m.**</u> before Magistrate Judge Allison H. Goddard. As before, the ENE and CMC shall take place via videoconference, using the Court's official Zoom account. Participants are instructed to review the Court's previous order setting the ENE and CMC (ECF No. 5) for technical guidance regarding the use of

---

[1] The Court's CM/ECF records show that the Order was mailed to Plaintiff's counsel via the U.S. Postal Service to his office address of record on April 25, 2024, rather than electronically delivered to him via PACER. *See* ECF No. 5. However, the Court does not doubt counsel's representation that he was not aware of the conference until May 9, when defense counsel contacted him regarding Ms. Boyne's scheduling conflict.

Zoom, if needed. In accordance with the Local Rules, the Court requires attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

The Court reiterates the following **Mandatory Procedures** and resets all related deadlines as follows:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

3. **Confidential ENE Statements Required:** No later than **June 10, 2024**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

   A. the nature of the case and the claims,

|   |   |   |
|---|---|---|
| | B. | position on liability or defense, |
| | C. | position regarding settlement of the case with a **specific**[2] **demand/offer for settlement**,[3] and |
| | D. | any previous settlement negotiations or mediation efforts. |

4. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

    A.    The parties are expected to have already met and conferred pursuant to Fed. R. Civ. P. 26(f) by the Court's previous deadline of May 10, 2024. If they have not yet complied with this requirement, they must do so no later than **May 28, 2024**.

    B.    The parties must file a Joint Case Management Statement by **June 7, 2024**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

    C.    The deadline for initial disclosures pursuant to Rule 26(a)(1)(A-D) is continued to **June 11, 2024**.

5. **Appearances via Videoconference Required:** All named parties, party

---

[2] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

No later than **June 10, 2024**, counsel for each party shall send an email to the Court at efile_goddard@casd.uscourts.gov containing (i) the **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation; (ii) an **email address for each participant** to receive the Zoom videoconference invitation; and (iii) a **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person. Participants must be dressed in appropriate courtroom attire and must be prepared to appear on camera. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

6. **Requests for Continuances:** Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Since this continuance places the date of the ENE past that deadline, the Court is unlikely to grant any further requests to continue the ENE. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:

    A.    The original date;

    B.  The number of previous requests for continuances;

    C.  A showing of good cause for the request;

    D.  Whether the request is opposed and why;

    E.  Whether the requested continuance will affect other case management dates; and

    F.  A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

  7.  **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

  8.  Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

  **IT IS SO ORDERED.**

Dated: May 23, 2024

                       _____
                       Honorable Allison H. Goddard
                       United States Magistrate Judge